### WATERLOO CEMENT MACHINERY CORP. v. ENGEL.

(Circuit Court of Appeals, Second Circuit. February 6, 1917.)

#### No. 158.

1. PATENTS ⟨key⟩328—VALIDITY AND INFRINGEMENT—CONCRETE MIXER.
   The Snell patent, No. 842,262, for a concrete mixer, *held* not anticipated, valid and infringed.

2. PATENTS ⟨key⟩99—VALIDITY—SUFFICIENCY OF DESCRIPTION.
   It is not essential that a claim of a patent shall describe in detail each element of the combination but it is sufficient if these details are shown in the description and drawings.
   [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 133–135, 137–139.]

Appeal from the District Court of the United States for the Western District of New York.

Suit in equity by the Waterloo Cement Machinery Corporation against George Engel. Decree for complainant, and defendant appeals. Affirmed.

For opinion below, see 230 Fed. 169.

George C. Kennedy, of Waterloo, Iowa, for appellant.

George M. Finckel, of Columbus, Ohio, and Oscar W. Jeffery, of New York City, for appellee.

Before COXE, ROGERS, and HOUGH, Circuit Judges.

---

⟨key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

COXE, Circuit Judge.   [1] The complainant does not contend that the Snell patent, here in suit, is for a broad generic invention and entitled to a wide range of equivalents.   It does, however, insist that the claims in question cover important improvements in the art of mixing concrete and similar substances.   The object to be attained is to provide a mixing machine "in which the mixing tank is rotated on its vertical and horizontal axis simultaneously, to amalgamate the material and to dispense the contents."   The description also states that "the invention consists in the construction, combination, and arrangement of parts, all as will be more fully described hereinafter."   The claims are as follows:

"1. A concrete mixer embodying standards, a supporting cross-bar connected at each end with the top of the standards, a mixing-tank rotably mounted on the cross-bar and having a rack therearound, a shaft journaled in the upper end of one standard, consisting a ·trunnion for one end of the supporting cross-bar, and having a gear thereon adapted to engage with the' rack on the tank, means for rotating said shaft, a spindle journaled in the upper end of the other standard and having one end secured to the other end of the cross-bar to constitute the other trunnion for the latter, and means connected with said spindle for rotating the latter to tilt in the tank, whereby the tank may be rotated on both its vertical and horizontal axis.

"2. The combination with a pair of standards, of a cross-bar pivotally supported by the standards, a mixing-tank rotably mounted on the cross-bar and having a projecting marginal flange provided with a rack upon its upper face, a shaft journaled in one of the standards, and pivotally supporting one side of the cross-bar, and a gear-wheel on the shaft, meshing with the rack on the mixing-tank."

It will be observed that one element of claim 1 is "a supporting cross-bar connected at each end with the top of the standards," and in claim 2, one of the elements is "a cross-bar pivotally supported by the standards."   This cross-bar is shown in Figures 2 and 3 and is referred to in the description as follows:

"The mixing-tank 5 is supported upon a cross-bar 6 which is pivoted at each end to the standards 1.   At its center this cross-bar is formed with a depending socket 8 and a raised face 9, with which a central downwardly-projecting plate 10 on the bottom of the mixing-tank co-operates to form a bearing for the mixing-tank, there being suitable balls 11 mounted in aligning ball-races in the contiguous faces, as shown in Fig. 3."

The cross-bar is further described as follows:

"One end of the supporting cross-bar 6 is hung upon the shaft 18 of the tank-rotating means and the other end of said cross-bar is rigidly secured to the inner end of a spindle 20, which is journaled in the upper end of the standards 1 at the opposite side of the machine, and thus the supporting cross-bar 6 is 'suspended at one end by a loose connection with the shaft 18 and at its other end by a rigid connection with the spindle 20, as at 21 in Fig. 2."

The description also refers to a pair of rollers mounted on suitable spindles fixed in the upright ends of the supporting cross-bar 6.   There can be little doubt as to the function of the cross-bar and of the upwardly projecting spindle attached thereto and a part thereof.   In the claims the spindle is not specifically mentioned, but it is described and shown in the specification and drawings and without it the apparatus

240 F.—62

could not be operated. The District Judge found that the spindle was so affixed as necessarily to become a part of the cross-bar.

[2] The construction placed upon the claims does not violate any rule of interpretation but simply gives the patentee the benefit of what he has actually invented. When the claim refers to "a supporting cross-bar connected at each end with the top of the standards," it means the cross-bar described and shown. It was not necessary to go into minute details in the claims themselves as to each of their separate elements. When the claims refer to a cross-bar they mean a workable cross-bar, the cross-bar of the patent—the cross-bar described and shown. Such a construction gives the complainant the advantages to which it is fairly entitled as the owner of the Snell patent. It is not essential that the claim shall describe in detail each element of the combination; it is enough if these details are shown in the description and drawings.

Both of the claims in issue have as an element of the new combination described and shown "a mixing-tank rotably mounted on the cross-bar." These claims do not specify the precise means adopted to accomplish this result but the description and drawings plainly show the method used by the patentee which is novel and efficient. We see no reason why the patentee should not have the benefit of his new and valuable mixer even if its construction be not set out in detail in the claims themselves. Very properly the description may be referred to when considering the scope and meaning of the claims which were clearly intended to cover a rotable mounting. Claim 3, not in controversy here, states that the mixing tank is "provided with a sleeve which has a bearing on said axle-shaft." We are of the opinion that being a member of the combination stated in claim 3 does not preclude it from being a member of the combination of claims 1 and 2. Claim 3 is a narrow claim, much more restricted in its scope than are the preceding claims.

The patent in suit, being for a meritorious improvement, should not be defeated by a narrow and technical interpretation of its provisions. We have examined the patents relied on to prove anticipation and lack of invention and agree with Judge Hazel that none of them discloses the combination of the Snell patent.

The decree is affirmed with costs.